IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE AUTO PROPERTY & )
  CASUALTY INSURANCE COMPANY, )
                                                         )
                  Plaintiff, )
                                                         )
       v. )      Case No. 18-2671-JWL
                                                         )
WARD KRAFT, INC.; )
ZEBRA TECHNOLOGIES CORPORATION; )
ZEBRA TECHNOLOGIES )
  INTERNATIONAL, LLC; )
LASER BAND, LLC; )
ZIH CORP.; and )
TYPENEX MEDICAL, LLC, )
                                                         )
                Defendants. )
                                                         )
_____)

## **MEMORANDUM AND ORDER**

In this action, plaintiff insurer State Auto Property & Casualty Insurance Company ("State Auto") seeks a declaratory judgment to the effect that it owes no duty to its insured, defendant Ward Kraft, Inc. ("Ward Kraft"), to defend or indemnify with respect to litigation involving Ward Kraft and the other defendants. The matter presently comes before the Court on cross-motions for summary judgment concerning the duty to defend filed by State Auto (Doc. # 52) and by Ward Kraft (Doc. # 54). As more fully set forth below, both motions are **granted in part and denied in part**. The Court agrees with State Auto as a matter of law that there is no coverage under provisions F and G of the policy's definition of "personal and advertising injury," and that any duty to defend is limited to the

Illinois action; State Auto's motion is granted to that extent. State Auto's motion is otherwise denied. The Court agrees with Ward Kraft as a matter of law that State Auto has a duty to defend under provision D of the definition of "personal and advertising injury," and that Ward Kraft is entitled to recover its attorney fees and costs incurred in litigating the issue of the duty to defend in the present action; Ward Kraft's motion is granted to that extent. Ward Kraft's motion is otherwise denied.

### I. **Background**

State Auto issued a commercial general liability insurance policy to Ward Kraft for the effective period from April 14, 2017, through April 14, 2018. The policy was renewed to extend through April 14, 2019. Among other provisions, the policy imposes on State Auto a duty to indemnify and defend Ward Kraft with respect to any suit against Ward Kraft seeking damages for "personal and advertising injury," which term is defined to mean injury arising out of certain enumerated offenses, including the following offenses:

> . . .
>
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> . . .
>
> f. The use of another's advertising idea in your "advertisement"; or
>
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

The policy contains the following exclusion:

> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

The policy also excludes coverage for "personal and advertising injury" (a) caused with the knowledge that the act would violate the rights of another and inflict such injury, (b) arising out of the publication of material with knowledge of its falsity, or (c) arising out of publication of material first published prior to the policy period.

On July 9, 2018, Zebra Technologies Corporation, Zebra Technologies International, LLC, Laser Band, LLC, and ZIH Corp. (collectively, "Zebra") filed suit in the United States District Court for the Northern District of Illinois ("the Illinois suit") against Ward Kraft and Typenex Medical, LLC ("Typenex"). Zebra has generally alleged in that suit that Ward Kraft and Typenex manufacture and sell patient identification wristband products that infringe upon rights held by Zebra with respect to its own products. In Counts I through VIII of the Illinois suit, Zebra asserts claims against Typenex for patent infringement. In Count IX, Zebra asserts a clam against Ward Kraft and Typenex for unfair competition and false designation of origin under the federal Lanham Act, 15 U.S.C. § 1125(a). In Count X, Zebra asserts a claim against both defendants for unfair competition under common law. In Count XI, Zebra asserts a claim against both defendants for deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§ 510/1 *et seq.* In Count XII, Zebra asserts a claim against Ward Kraft for misleading statements of fact under the Lanham Act, 15 U.S.C. § 1125(a).

3

Ward Kraft submitted a claim to State Auto under the policy for indemnification and defense related to Zebra's lawsuit. State Auto denied coverage, but it agreed to provide a defense in the Illinois suit subject to a reservation of rights. On December 7, 2018, State Auto brought the instant action, in which it seeks a declaratory judgment to the effect that it has no duty to indemnify or defend Ward Kraft under the policy. Ward Kraft subsequently asserted two counterclaims: for breach of contract, based on State Auto's alleged failure to provide a defense under the policy; and for a declaratory judgment on the issue of the duty to defend.

On December 13, 2018, the court in the Illinois suit stayed that action pending resolution of a related suit brought by Ward Kraft against Zebra in the United States District Court for the Eastern District of Missouri, in which Ward Kraft asserts that it has certain rights with respect to the accused products pursuant to certain agreements. On March 18, 2019, this Court granted the parties' joint motion for bifurcation of the issue of State Auto's duty to defend from the issue of State Auto's duty to indemnify Ward Kraft. The Court ordered that "the only issue in this matter that is ripe for determination is State Auto's duty to defend, and that the remaining issues regarding whether any indemnification is owed under the policies are stayed pending the resolution of the [Illinois suit]." State Auto and Ward Kraft have now filed cross-motions for summary judgment with respect to the issue of State Auto's duty to defend.

## II. <u>Governing Standards</u>

The Court grants summary judgment in favor of a movant if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

The parties agree that the issue of State Auto's duty to defend under the policy is governed by the law of Kansas, where Ward Kraft, the insured, is located. *See, e.g.*, *Zeller v. Uniformed Servs. Benefit Ass'n*, 2010 WL 11628663, at *1 n.2 (D. Kan. July 8, 2010) (Lungstrum, J.) (applying law of residence of insured, where policy was issued). The Tenth Circuit has set forth the applicable Kansas law as follows:

> Under Kansas law, insurers have a duty to defend if there is a potential for liability under the policy at issue. More specifically, an insurer has a duty to defend if, based on the pleadings and any facts brought to the insurer's attention or reasonably discoverable during the insurance investigation, there is a potential for liability. When there is no coverage under the insurance policy at issue, there is no duty to defend. In applying these principles, the result is that the duty to defend and whether the policy provides coverage are not necessarily coextensive. That is, because the duty to defend hinges on the potential for liability, rather than actual liability, an insurer may have a duty to defend even if it is ultimately determined that the policy does not provide coverage.

*See Advantage Homebuilding, LLC v. Maryland Casualty Co.*, 470 F.3d 1003, 1007-08 (10th Cir. 2006) (citations and internal quotations omitted). In addition, under Kansas law, the insured bears the burden to show coverage under the policy, while the insurer has the burden of showing the applicability of policy exclusions. *See id.* at 1008.

5

### III. Policy Coverage

   *A.   Provision F*

Ward Kraft contends that State Auto has a duty to defend Ward Kraft in the Illinois suit because Zebra seeks damages in that suit for a "personal and advertising injury." Ward Kraft further contends that Zebra's claims fall within provision F of the definition of "personal and advertising injury," which provides coverage for injury arising out of "[t]he use of another's advertising idea in [the insured's] 'advertisement'."

The Court first considers whether Zebra has alleged injury arising out of Ward Kraft's use of Zebra's "advertising idea." "Advertising idea" is not defined in the policy, but "advertisement" is defined to mean "a notice that is broadcast or published to the general public or specific market segments about [the insured's] goods, products or services for the purpose of attracting customers or supporters." Thus, the Court construes "advertising idea" to mean an idea related to putting out advertisements, that is, an idea relating to the process of giving notice about products to attract customers. *See, e.g.*, *Hyman v. Nationwide Mutual Fire Ins. Co.*, 304 F.3d 1179, 1188 (11th Cir. 2002) (ordinary meaning of "advertising idea" is an idea or concept related to the promotion of a product to the public).

Ward Kraft has not identified any such "advertising idea" of Zebra's that Ward Kraft is alleged to have used other than the color and configuration of Zebra's products – that is, the trade dress that Ward Kraft is alleged to have infringed. Trade dress can constitute an "advertising idea," but the two are not coextensive. As the Eleventh Circuit concluded in *Hyman* (which Ward Kraft has cited in support of this argument), while a classic trade

dress infringement action would involve the packaging or labeling of goods, it may extend to marketing or sales techniques. *See id.* Thus, some – but not all – trade dress infringement could constitute the use of an "advertising idea." *See id.* at 1191. That interpretation is supported by the policy in this case. For instance, in the policy's definition of "personal and advertising injury," provision G refers to trade dress infringement in the insured's advertisement, which suggests that the policy does not consider *all* trade dress to constitute a form of advertising.

In the Illinois suit, Zebra has accused Ward Kraft of using its trade dress, but it has not alleged Ward Kraft's use of any particular idea about advertising or product promotion. Zebra has alleged that Ward Kraft used Zebra's marks in labeling products, but it has not alleged the use of trade dress specifically in the promotion of products. The fact that infringing products may be shown in advertisements does not mean that an advertising idea has been used.

Ward Kraft's argument for coverage under provision F also fails because of an insufficient causal connection between Zebra's alleged injury and a Ward Kraft advertisement, as argued by State Auto. Such a connection is required here because the policy provision requires injury arising from the use of the advertising idea in the insured's advertisement. *See Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 986, 988 (10th Cir. 1998) (under policy covering injury arising out of offenses in the course of advertising, causal connection between injury and advertising activities must be shown); *Hyman*, 304 F.3d at 1191 (same).

7

In this case, Zebra has not alleged any injury arising from Ward Kraft's advertisement; rather, Zebra alleges injury from Ward Kraft's infringement. As the Eleventh Circuit noted in *Hyman*, courts have concluded that "[s]imply selling an infringing product is not sufficient to satisfy the causal connection requirement," and the infringement must be committed in an advertisement. *See Hyman*, 304 F.3d at 1192 (citing cases). Ward Kraft has not explained in this case how Zebra has alleged an injury arising from Ward Kraft's advertisements and not merely from Ward Kraft's infringement and sale of infringing products. The Court strongly disagrees with Ward Kraft's assertion that the "gravamen" of Zebra's complaint is that Zebra was injured by Ward Kraft's advertisements; rather, the complaint focuses on Ward Kraft's manufacture and sale of infringing products. For instance, in Counts IX, X, and XI of its complaint, Zebra alleges trade dress infringement, but those counts refer only to products, not advertisements. In Count XII, as Ward Kraft notes, Zebra alleges misleading statements of fact, including in Ward Kraft's product guide and other advertisements. That count, however, refers only to the use of marks by Ward Kraft, not the use of trade dress, and the policy explicitly excludes coverage for trademark infringement.

For these two reasons, the Court concludes as a matter of law that no duty to defend arises under provision F of the definition of "personal and advertising injury," and summary judgment is granted to State Auto (and denied to Ward Kraft) to that extent.

  B.  *Provision G*

Ward Kraft also asserts coverage under provision G of that definition, which applies to trade dress infringement in the insured's advertisement. Like provision F, this provision

8

requires a showing of a causal connection between the alleged injury and the insured's advertisement, and for the same reason just discussed, there is no such causal connection in this case. Accordingly, the Court concludes as a matter of law that no duty to defend arises under provision G, and summary judgment is granted to State Auto (and denied to Ward Kraft) to that extent.

### C. *Provision D*

Ward Kraft also asserts coverage under provision D of the definition of "personal and advertising injury." That provision allows for coverage for injury arising out of "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services." Ward Kraft argues that Zebra has alleged injury arising from Ward Kraft's disparagement of Zebra's products. Thus, Ward Kraft must show that Zebra has alleged that Ward Kraft criticized the quality of Zebra's products in some way.

Ward Kraft relies specifically on Zebra's allegations that Ward Kraft's acts have caused the public to believe that the two companies or their products are affiliated and that Ward Kraft's products "are subject to the same high quality standards" as Zebra's products. By those allegations, Zebra has accused Ward Kraft of equating its own inferior products with Zebra's superior products. The Court agrees with the court in *JAR Laboratories LLC v. Great American E & S Insurance Co.*, 945 F. Supp. 2d 937 (N.D. Ill. 2013), that such a comparison effectively lower's the other company's product and thus may constitute disparagement. *See id.* at 944.

9

State Auto's first response is that the policy has effectively incorporated the Illinois tort of disparagement, but the policy contains no such reference to a common-law tort, and merely requires disparagement under the ordinary meaning of the term. State Auto also argues that Zebra has alleged only comments about Ward Kraft's own products, not about Zebra's products. In the cases cited by State Auto, however, there were no allegations of direct comparisons between products. *See Green4All Energy Solutions, Inc. v. State Farm Fire & Cas. Co.*, 82 N.E.3d 668, 675-76 (Ill. Ct. App. 2017) (distinguishing *JAR* as case involving a comparison to the underlying plaintiff's products); *Welch Foods, Inc. v. National Union Fire Ins. Co.*, 2010 WL 3928704, at *3 (D. Mass. Oct. 1, 2010) (insured was accused of misrepresenting own product without comparison to the other product), *aff'd*, 659 F.3d 191 (1st Cir. 2011). Zebra's complaint does allege such a comparison by Ward Kraft, and State Auto has not refuted that fact. Thus, the Court concludes that there is the requisite potential for Ward Kraft's liability to Zebra for injury arising out of Ward Kraft's disparagement of Zebra's products.

Unlike provisions F and G, provision D does not require a causal connection to a Ward Kraft advertisement. Accordingly, the Court concludes as a matter of law that a duty to defend Ward Kraft in the Illinois suit arises out of provision D of the definition of "personal and advertising injury" in the policy. The Court therefore awards summary judgment to Ward Kraft (and denies it to State Auto) on this issue concerning provision D. The Court thus proceeds to consider State Auto's arguments based on exclusions in the policy.

### IV. **Policy Exclusions**

#### A. *Knowing Violation / Knowledge of Falsity*

State Auto argues that, even if Zebra has alleged damages from "personal and advertising injury" as defined in the policy, it nevertheless does not have a duty to defend or indemnify because of the following two exclusions from coverage in the policy:

> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>
> "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

State Auto argues that these exclusions for injuries arising from knowing violations and knowing falsehoods apply here because Zebra has alleged, with respect to each claim asserted against Ward Kraft, that Ward Kraft's conduct was willful and intentional.

The Court rejects this argument. As Ward Kraft points out, there is a duty to defend as long as there is the potential for liability that would be covered under the policy. Thus, unless the claims asserted by Zebra *require* a showing of knowing or intentional conduct, there remains the potential that Ward Kraft could be liable to Zebra for conduct that is not knowing or intentional (but merely reckless, for example), and which therefore would not implicate these exclusions. *See Cincinnati Ins. Co. v. Gage Center Dental Group, P.A.*, 2013 WL 5913751, at *11 (D. Kan. Nov. 1, 2013) (claim did not require a showing of intent to injure; thus insured could be liable without knowledge that act would inflict injury, and "with knowledge" exclusion did not necessarily apply to defeat duty to defend); *Guardian Trust Co. v. American States Ins. Co.*, 1996 WL 509638, at *9 (D. Kan. July 30,

11

1996) (insured could be liable without proof of knowledge of falsity; thus "knowledge of falsity" exclusion did not allow insurer to avoid duty to defend).

State Auto has not shown, or even attempted to show, that Zebra's claims require proof that Ward Kraft had knowledge of violations or the falsity of its statements.[1] (State Auto did not address these exclusions in its reply brief.) Thus, State Auto cannot avoid its duty to defend based on these exclusions.

### B. *First Publication Prior to Policy Period*

State Auto also relies on the following policy exclusion:

> "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

State Auto concedes that Zebra, in its complaint, did not state the dates on which Ward Kraft first made allegedly misleading statements in its product guide and other advertisements. State Auto notes, however, that Ward Kraft has asserted in its litigation with Zebra that it has had the right to use the protected marks for many years and that the accused products are successors to products subject to a license to use the marks. Thus, State Auto argues that it is reasonable to assume that any misleading statements by Ward Kraft during the policy period (for which Zebra seeks to impose liability) were preceded

---

[1] In the only case cited by State Auto to support its argument based on these exclusions, there had been an express finding in the underlying action of deliberate infringement by the insured. *See A.J. Sheepskin and Leather Co. v. Colonia Ins. Co.*, 709 N.Y.S.2d 82, 83 (N.Y. App. Div. 2000). There has been no such finding in the Illinois suit underlying this action.

12

by the same (or substantially the same) advertisements that were first published prior to the policy period.

The Court's rejects State Auto's argument based on this exclusion as well. Again, a duty to defend exists if there is any potential for liability based on conduct that does not fall within the exclusion, and State Auto has not foreclosed the possibility that Ward Kraft will be liable to Zebra for statements that were *not* first published prior to the policy period. Indeed, State Auto has not provided any evidence or information about Ward Kraft's advertisements and product guide published before the policy period. The Court cannot simply assume that all statements that could give rise to liability were published previously. Accordingly, State Auto may not rely on this exclusion to avoid a duty to defend Ward Kraft in the Illinois suit. *See Guardian*, 1996 WL 509638, at *10 (it was not clear that all injuries alleged in the underlying complaint were caused by publications first made before the policy period; "as long as the application of this [prior publication] exclusion remains simply a possibility, the insurer has a duty to defend").

Thus State Auto has failed to show that the claims against Ward Kraft are necessarily excluded from coverage. The Court therefore rules as a matter of law that State Auto has a duty to defend Ward Kraft under provision D of the coverage for "personal and advertising injury." The Court grants summary judgment in favor of Ward Kraft on that issue as raised in both State Auto's complaint and Ward Kraft's counterclaims. State Auto's motion for summary judgment is denied with respect to that issue.

## V. **Covered Costs**

State Auto seeks summary judgment on one issue relating to the scope of its duty to defend. State Auto contends that the duty extends only to the defense of Ward Kraft in the Illinois suit, and does not extend to costs incurred in litigating the Missouri suit brought by Ward Kraft against Zebra. Ward Kraft has not responded to this argument by State Auto. Moreover, it appears from the counterclaims that Ward Kraft seeks a declaration of a duty to defend only with respect to the Illinois suit. Accordingly, the Court grants State Auto's motion for summary judgment on this issue as unopposed.

## VI. **Allegations of Breach of Contract Concerning Duty to Defend**

### A. *Payment of One Third of Costs of Defense*

Ward Kraft seeks summary judgment on its counterclaim for breach of contract, by which it alleges that State Auto has failed to fulfill its duty to provide a defense. Ward Kraft's theory of breach is that State Auto has been paying only one third of costs of the defense, based on an agreement with two other insurers to split the costs, and that Ward Kraft must therefore collect the balance from the other insurers, in contravention of State Auto's joint-and-several obligation to pay 100 percent of the costs of defense.

The Court notes that this claim relates to the duty to defend, and not to the duty to indemnify, and thus seemingly falls within the portion of this bifurcated case that may presently proceed. State Auto argues that the Court should not consider Ward Kraft's evidence on this claim because discovery has been limited to the policy and the allegations

in the underlying suits. The Court need not decide that issue directly, however, as it concludes that summary judgment is not appropriate in favor of Ward Kraft on this claim.

First, Ward Kraft has not explained how State Auto's agreement with the other insurers to provide an entire defense – and the insurers' abiding by that agreement – does not discharge State Auto's duty. Ward Kraft argues that State Auto must pay 100 percent of the costs and then seek contribution from the other insurers. That procedure, however, would seem to open up the other insurers to similar charges of breach, as they would be failing to provide a defense. Ward Kraft has not explained how all three insurers may avoid a breach under its theory of liability.

Second, the elements for a claim of breach of contract include a showing of damage. *See, e.g.*, *Britvic Soft Drinks Ltd. v. ACSIS Technologies, Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003) (citing PIK-Civil 3d 124.01-A). Ward Kraft has provided no evidence of damage in this case, as there is no suggestion that its costs have not been paid in full by the insurers. Therefore, the Court denies Ward Kraft's motion for summary judgment on this counterclaim for breach of contract.[2]

### B. *Sharing of Confidential Information*

Ward Kraft also argues in its motion that State Auto breached the policy (with respect to the duty to defend) and its duty of good faith and fair dealing (and ethical obligations) by sharing Ward Kraft's attorney fee statements with outside counsel, allegedly so that outside counsel could audit them for reasonableness. Ward Kraft has not

---

[2] State Auto did not seek summary judgment on this claim, which therefore remains pending.

15

shown any basis for the Court's present consideration of this issue, however. Ward Kraft has not asserted a counterclaim for such a breach of contract; nor is this issue part of the declaratory judgment sought by either party. Thus, the Court denies any request for summary judgment on the issue.

### VII. <u>Attorney Fees</u>

Ward Kraft seeks an award of attorney fees in this action, and both Ward Kraft and State Auto have moved for summary judgment on that claim. As the case is stayed with respect to any duty to indemnify, the Court considers this issue only with respect to attorney fees incurred by Ward Kraft in litigating the issue of State Auto's duty to defend.

Ward Kraft first seeks an award of fees under K.S.A. § 40-256, which states that a court shall allow reasonable attorney fees if judgment is rendered against an insurance company and that insurer "has refused without just cause or excuse to pay the full amount of such loss." *See id.* Ward Kraft argues that fees should be awarded under this statute because State Auto breached its duty to defend by failing to pay the entire costs of the defense. The Court denies the motion for summary judgment on the claim under this statute. As discussed above, Ward Kraft has not shown that State Auto failed to pay the costs of defense or that State Auto breached its duty with respect to how the costs have been paid.

In the alternative, Ward Kraft seeks an award of fees pursuant to the holding in *Farm Bureau Mutual Insurance Co. v. Kurtenbach ex rel. Kurtenbach*, 265 Kan. 465 (1998). In *Kurtenbach*, as in the present case, the insurer denied coverage, agreed to defend

its insured under a reservation of rights, but then initiated a declaratory judgment action seeking to determine whether it had a duty to defend or indemnify. *See id.* at 481. The Kansas Supreme Court noted that "[i]f the insurer can force [its insured] into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right [to have the insurer provide a defense]." *See id.* (quoting *Upland Mutual Ins., Inc. v. Noel*, 214 Kan. 145, 152 (1974)). The court further distinguished between an insurer who defends under a reservation of rights and one who does so and then filed a declaratory judgment action seeking a determination that it has no duty to defend or indemnify. *See id.* at 481-82. The court held as follows:

> [W]e therefore hold that where an insurer denies coverage and the duty to defend and brings a declaratory judgment action against the insured to determine that issue, the insured may recover his or her attorney fees incurred in the defense of the declaratory judgment action if it is determined as a result of that action that there is coverage. The same rule is applicable where an insurer agrees to assume the duty to defend under a reservation of rights, but before the underlying matter is resolved brings a declaratory judgment action seeking a determination that no duty to defend or coverage exists.
>
> The availability of expenses and attorney fees in such a situation is necessarily dependent on the existence of coverage. If it is determined in the declaratory judgment action that no coverage exists under the policy, the fees and expenses incurred by the insured are his or her own expense. If no coverage exists, the insurer is without obligation to either defend or pay for any judgment rendered. Neither the insurance policy itself nor any statute of this state would require the insurer to pay for other than its own expenses and fees in such declaratory judgment action.
>
> However, if it should be determined that coverage exists, one may conclude that the insured was compelled to expend his or her own funds in litigation expenses to obtain the benefit if his or her bargain with the insurer. If these expenses are not reimbursed to the insured, the insured fails to obtain

17

> a substantial benefit already paid for under the policy: the defense of the claim.

*See id.* at 482 (citations omitted).

Although State Auto has provided a defense under a reservation of rights, it initiated the present action seeking a declaratory judgment to the effect that it has no duty to defend or indemnify. The Court has now determined as a matter of law that State Auto has a duty under the policy to defend Ward Kraft in the Illinois case. Accordingly, Ward Kraft may recover its fees incurred in defending this action (limited at this time to those incurred in litigating the issue of the duty to defend).

State Auto argues that fees are not available under *Kurtenbach* unless and until it is shown that it also has a duty to indemnify. State Auto has cited no authority supporting that position, however, and *Kurtenbach* itself says otherwise. That case makes clear that if an insurer unsuccessfully seeks a declaratory judgment with respect to the duty to defend, it must pay the costs incurred by the insured to enforce that duty. State Auto argues that the word "coverage" in the *Kurtenbach* court's holding means an obligation to indemnify. That court stated, however, that there is no "coverage" when there is no duty to indemnify or to defend, and in this case, there is a duty to defend. Regardless of whether State Auto must indemnify Ward Kraft in the future, the policy required State Auto to defend Ward Kraft, and Ward Kraft has incurred costs to enforce that obligation; thus, the court's rationale in *Kurtenbach* applies whether or not State Auto has a duty to indemnify.

The Court thus concludes that Ward Kraft may recover its fees incurred in defending this action with respect to the issue of the duty to defend, and summary judgment is granted

to Ward Kraft (and denied to State Auto) to that extent.  The Court further concludes that the issue of the amount of any such fee award should be reserved until the conclusion of the entire litigation, at which time Ward Kraft may file an appropriate motion.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff State Auto's motion for summary judgment on the issue of the duty to defend is hereby **granted in part and denied in part**.  The Court rules as a matter of law that there is no coverage under provisions F and G of the policy's definition of "personal and advertising injury," and that any duty to defend is limited to the Illinois action; State Auto's motion is granted to that extent.  The motion is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT defendant Ward Kraft's motion for summary judgment on the issue of the duty to defend is hereby **granted in part and denied in part**.  The Court rules as a matter of law that State Auto has a duty to defend under provision D of the definition of "personal and advertising injury," and that Ward Kraft is entitled to recover its attorney fees and costs incurred in litigation the issue of the duty to defend in the present action; Ward Kraft's motion is granted to that extent.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 22nd day of January, 2020, in Kansas City, Kansas.

                                                        s/ John W. Lungstrum
                                                       John W. Lungstrum
                                                       United States District Judge