**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE AUTO PROPERTY & <br> CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> WARD KRAFT, INC., et al., <br><br> Defendants. | Case No. 18-cv-2671-JWL-TJJ |

## MEMORANDUM & ORDER

This stayed case is before the Court on Plaintiff's Motion to Amend the Scheduling Order to Permit Plaintiff to Serve a Discovery Request Directed to Defendant Ward Craft, Inc. to Produce Copies of Discovery Materials Generated in the Underlying Lawsuit (ECF No. 85). Plaintiff asks the Court to permit it to issue a specific discovery request:

> a request for production of documents to Ward Kraft to produce copies of all discovery materials that have been generated in the EDMO Lawsuit. This includes copies of all Rule 26 disclosures; all documents produced with a party's Rule 26 disclosures; all answers to interrogatories issued by any party; all responses to document requests issued by any party; all documents produced by any party; transcripts of any depositions and all exhibits to depositions; all responses to any Requests to Admit; all subpoenas issued by any party; and, all documents produced in response to any subpoena.

Defendant objects, arguing that Plaintiff's request is essentially a motion to reconsider at least three prior Court Orders:

1. ECF No. 37, bifurcating the duty to defend issue from the duty to indemnify issue, and staying the duty to indemnify issue;

2. ECF No. 45, limiting discovery on the duty to defend to copies of Plaintiff's insurance policies and the pleadings in the underlying cases; and

3. ECF No. 74, granting summary judgment for Defendant on the duty to defend issue.

What Plaintiff actually is trying to do, Defendant argues, is to obtain discovery on issues concerning the duty to indemnify—which is stayed—and the duty to defend—which has already been decided.

Defendant is correct; if this Court granted Plaintiff relief, the impact would be that either (1) Plaintiff prematurely could begin building its case against indemnification, in violation of the stay in place, or (2) Plaintiff could attempt to collaterally challenge Judge Lungstrum's order ruling that Plaintiff has a duty to defend. Neither result would be appropriate. Plaintiff's motion is masked as a motion to amend the Scheduling Order, but, in impact, it asks for much more.

After Judge Lungstrum stayed the duty to indemnify issue (and before he granted summary judgment on the duty to defend), this Court ruled that Plaintiff could take limited discovery on the issue of the duty to defend:

> The Court considered the scope of discovery that would be allowed related to the bifurcated issue of the duty to defend. After hearing the arguments of counsel for Plaintiff and Defendants, the Court, consistent with the parties' agreement and the Court's order (ECF No. 37) bifurcating the issue of the duty to defend from the duty to indemnify and staying the issue of the duty to indemnify, ruled that discovery on the duty to defend would be limited to copies of Plaintiff's insurance policies and the pleadings in the underlying cases, *Ward-Kraft, Inc. v. Zebra Techs. Corp.*, No. 4:18-cv-1725 (E.D. Mo.) and *Zebra Technologies Corp., et al. v. Typenex Med'l LLC and Ward Kraft, Inc.*, 1:18-cv-04711 (N.D. Ill.). The broader scope of discovery requested by Plaintiff was denied.[1]

To grant Plaintiff relief, at a minimum, this Order would have to be reconsidered.

---

[1] ECF No. 45 at 1.

District of Kansas Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order, such as an order limiting discovery. The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercises of due diligence.[3] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[4] Whether to grant or deny reconsideration lies within the court's sound discretion.[5] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[6]

Plaintiff has not shown any valid basis for this Court to reconsider its prior Order limiting discovery. Indeed, Plaintiff has not even attempted to show a change in law, new evidence, or the need to correct clear error or prevent manifest injustice. Nor has Plaintiff shown good cause for modifying the Scheduling Order, if the Court were to use the "good cause" standard for modifying scheduling orders in reviewing Plaintiff's request.[7]

---

[2] D. Kan. Rule 7.3(b). The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[6] *Id.*

[7] Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The underlying lawsuit in the Eastern District of Missouri continues to progress.[8] The action in the Northern District of Illinois remains stayed pending resolution of the covenant not to sue issue in Missouri.[9] It remains premature in this case to proceed with discovery or any other case management activity. Plaintiff is not entitled to discovery in this case to search for ways to attack Judge Lungstrum's decision that Plaintiff has a duty to defend. And allowing Plaintiff to start pursuing discovery now, would not "promote judicial efficiency," as Plaintiff claims.[10] Rather, it would require Defendant to expend resources responding to discovery regarding Plaintiff's duty to defend (which has already been decided) and Plaintiff's duty to indemnify (which is not ripe, and may never become ripe). This flies in the face of judicial efficiency.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Motion to Amend the Scheduling Order to Permit Plaintiff to Serve a Discovery Request Directed to Defendant Ward Craft, Inc. to Produce Copies of Discovery Materials Generated in the Underlying Lawsuit (ECF No. 85) is denied.

Dated July 2, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[8] ECF No. 93 at 2.

[9] *Id.*

[10] ECF Nos. 85 at 7; 92 at 2.